UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20075-CR-ALTMAN

**UNITED STATES OF AMERICA**

vs.

**RALPH DEMAS,**

                **Defendant.**

_____/

**FACTUAL PROFFER**

The United States of America and Defendant Ralph Demas ("Defendant") agree that had this case proceeded to trial, the United States would prove beyond a reasonable doubt the following facts, among others, which occurred in the Southern District of Florida.

In May and June 2016, Defendant purchased Credit Privacy Numbers ("CPNs") from third-party online companies. CPNs are nine-digit numbers that resemble Social Security Numbers ("SSNs") and purport to provide a person clear credit. Defendant obtained these CPNs with an intent to defraud automobile dealerships and financial institutions, specifically, by applying for financing and credit using a CPN when he knew that he would not otherwise qualify for such credit. Defendant did not disclose to the financial institutions or any supervisor or manager at the automobile dealerships that he submitted a CPN and not his own SSN with his applications. The purpose of Defendant's fraud was to conceal his poor credit and to qualify for automobile financing and receive credit cards. The CPNs that Defendant obtained and submitted in his application were either real SSNs assigned to actual people, or fictitious SSNs that were not assigned to any person.

From 2016 until January 2018, Defendant applied in person for vehicle and motorcycle

financing at automobile dealerships in Miami-Dade County. In furtherance of Defendant's fraud, Defendant submitted a CPN as well as false and fraudulent income statements. These applications were are as follows:

On September 3, 2016, Defendant applied for $25,992 in vehicle financing for a 2013 Jeep Grand Cherokee. Defendant took possession of the vehicle.

On October 1, 2016, Defendant applied for $28,572 in vehicle financing for a 2016 Toyota Avalon. Defendant took possession of the vehicle.

On October 9, 2016, Defendant applied for $17,053 in vehicle financing for a 2016 Harley-Davidson. Defendant took possession of the motorcycle.

On November 9, 2016, Defendant applied for $44,540 in vehicle financing for a 2016 Nissan Maxima. Defendant took possession of the vehicle.

On December 5, 2016, Defendant applied for $9,999 in vehicle financing for a 2016 Yamaha 540 YZ. Defendant did not take possession of the motorcycle.

Defendant also applied for credit cards using the CPNs. From November 4, 2016 until December 8, 2016, Defendant applied for seven credit cards with a national financial institution that provides services to customers in Miami-Dade County. In total, the financial institution provided Defendant with $18,100 in credit.

The information contained in this proffer is not a complete recitation of all the facts and circumstances of this case, but the parties admit that it is sufficient to prove beyond a reasonable doubt a violation of Title 18, United States Code, Section 1029(a)(2), that is, use of an unauthorized access device with intent to defraud, and a violation of Title 18, United States Code, Section 1029(a)(1), that is, use of a counterfeit access device with the intent to defraud, as charged in the Indictment.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: 11/2/21    By: _____
JONATHAN R. BAILYN
ASSISTANT UNITED STATES ATTORNEY

Date: 11-2-21    By: _____
JUAN MICHELEN
ATTORNEY FOR DEFENDANT

Date: 11-2-21    By: _____
Juan Michelen for Ralph Demas
RALPH DEMAS
DEFENDANT